LEIGHTON MACH. CO., Appellant, v. CORNELL et al., Respondents. (Supreme Court, Appellate Division, Third Department. October 2, 1896.) Action by the Leighton Machine Company against David C. Cornell and others. No opinion. Order affirmed, with $10 costs. All concur.

LELAND v. SUN PRINTING & PUB. ASS'N. (Supreme Court, Appellate Division, First Department. June, 1896.) Action by Harriet Leland against the Sun Printing & Publishing Association. No opinion. Motion denied. See 38 N. Y. Supp. 1146.

LEMON v. SMITH et al. (Supreme Court, Appellate Division, Third Department. December 18, 1896.) Action by J. Samuel Lemon, as administrator, etc., against Adon N. Smith and others, as executors, etc. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

LEVENGSTON, Respondent, v. NEW YORK EL. R. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. May. 1896.) Action by Henry M. Levengston against the New York Elevated Railroad Company and another.

PER CURIAM. The property which is the subject of this action is situated something over 200 feet east of Third avenue on East Thirty-Fourth street. It consists of two houses, Nos. 217 and 219, on the north side of the street, each parcel being 18 feet and 9 inches wide and 98 feet and 9 inches deep. Before the coming of the elevated railroad, the houses were rented to tenants of a high class, and the court would have been warranted, from the testimony, in finding that the yearly rents were $1,350 and $1,400. The testimony also warranted the finding that, after the operation of the elevated railroad began, there was a diminution of the rent to $600 a year, and that the value of the property had diminished in proportion. Subsequent to that time there has been a gradual increase in the amount of rentals and the value of the property, but not such as would have been warranted by the general increase in values of that neighborhood not subject to the depressing influences of the elevated roads. The court allowed for rental value of the two buildings $2,506.86, being at the rate of $120 a year on each house for six years, and fixed the diminution of the fee value at $3,000. Upon a careful consideration of the evidence, we think that this judgment is sustained by the facts made to appear, and for that reason it is affirmed, with costs.

LEWIS et al., Respondents, v. GOULD, Appellant. (Supreme Court, Appellate Division, Third Department. October 2, 1896.) Action by Charles W. Lewis, Jr., and Edward D. Lewis against Frank Gould. No opinion. Judgment and order affirmed, with costs. All concur.

LITTLE, Respondent, v. KINGSTON CITY R. CO., Appellant. (Supreme Court, Appellate

Division, Third Department. September 29, 1896.) Action by Thomas Little against the Kingston City Railroad Company. No opinion. Judgment and order affirmed, with costs. All concur.

LITTLE, Respondent, v. KINGSTON CITY RY. CO., Appellant. (Supreme Court, Appellate Division, Third Department. October 2, 1896.) Action by Thomas Little against the Kingston City Railway Company. No opinion. Application for certificate to the court of appeals under section 191 of the Code of Civil Procedure denied.

LIVINGSTON v. SPERO. (Supreme Court, Appellate Term, First Department. October 29, 1896.) Action by Meyer W. Livingston against Louis Spero. Oppenheim & Severance (W. P. Severance, of counsel), for appellant. L. Bronner (M. L. Erlanger, of counsel), for respondent.

McADAM, J. The action is by the plaintiff, as assignor of Mitchell L. Erlanger, an attorney at law, to recover $99 for professional services rendered to the defendant in the following matters: $75 for services rendered in the case of Schultz against Spero; $25 for services growing out of a report made by Dun's Agency concerning the defendant; and $5 concerning a satisfaction piece. The answer was a general denial, with a plea of payment, and counterclaim of $250 by reason of the gross negligence of the plaintiff's assignor as an attorney and counselor, by which the defendant sustained damages in that sum. The justice found for the plaintiff, and awarded him judgment for $75, disallowing the defendant's counterclaim and the second and third items of plaintiff's bill. The plaintiff proved the rendition of the services in the Schultz Case at the request of the defendant, and that they were reasonably worth $75, the sum for which the justice rendered judgment. The claim that the services were rendered gratuitously, or had in any manner been paid for, entirely failed. The counterclaim for negligence grows out of the same matters which have been gone over in the opinion filed this day in suit No. 1 between the same parties (41 N. Y. Supp. 606), and need not be again discussed. This action, like that, is by an assignee, and substantially the same rulings were made here as there, and all these are effectually disposed of by the opinion in that case. We find no error, and the judgment must be affirmed, with costs.

LOCKWOOD et al., Respondents, v. WILLIAMS et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 16, 1896.) Action by Henry C. Lockwood and others against Agnes E. Williams and others. No opinion. Order affirmed, with $10 costs and disbursements. All concur.

LOEW v. CHRIST. (Supreme Court, Appellate Division, First Department. June, 1896.) Action by Edward V. Loew, administrator, etc. against Sebastian Christ. No opinion. Motion denied. See 38 N. Y. Supp. 1146, and 40 N. Y. Supp. 1144.